IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD EUGENE HILL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:13-cv-2788-G-BN |
| | § | |
| WALGREENS CO., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation:

**Background**

This is a civil action brought by Donald Eugene Hill, appearing pro se, against his employer, Walgreens Corporation. On July 18, 2013, Plaintiff tendered a one-page complaint with attachments to the district clerk and filed an application to proceed *in forma pauperis. See* Dkt. Nos. 3 & 4. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. *See* Dkt. No. 7.

Plaintiff's entire Complaint reads:

-1-

>  Discrimination, race, age, (ADEA)
>  Hostile work environment, mental anguish, harassment[.]

Dkt. No. 3 at 1. Plaintiff attached to his complaint the Charge of Discrimination presented to the Texas Workforce Commission Civil Rights Division and the EEOC's Dismissal and Notice of Rights. *See id.* at 2-5. The undersigned magistrate judge served written interrogatories on Plaintiff in order to obtain additional information the factual basis of his suit. *See* Dkt. No. 8. Plaintiff answered the interrogatories on July 31, 2013. *See* Dkt. No. 9.

As best the Court understands Plaintiff's complaint and interrogatory responses, Plaintiff claims that his manager, Scott Tisdale, singled him out for criticism during a team meeting that occurred on or about March 14, 2012. *See* Dkt. No. 3 at 2; Dkt. No. 9 at Question 1. Tisdale allegedly called him "old man" and "other names[,]" *see* Dkt. No. 9 at Question 1, and he was instructed, "you Don come with me[,]" *see* Dkt. No. 3 at 2. Plaintiff was then taken to a manager's office. *Id.* When asked to identify all "adverse employment actions" taken against him, Plaintiff responded,

>  (I) Bullied
>  (II) Harassed
>  (III) Hostile work environment
>  (IIII) Retaliation
>  (IV) Mental anguish

*See* Dkt. No. 9 at Question 2.

The undersigned concludes that Plaintiff has failed to state a claim for relief and that this case should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

**Legal Standards and Analysis**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

>   (i)   is frivolous or malicious;
>
>   (ii)  fails to state a claim on which relief may be granted; or
>
>   (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed

factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Id.*

To prevail on a discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"), a plaintiff must present direct or circumstantial evidence that his race or age was a motivating factor for an "adverse employment action." *See Roberson v. Alltel Info. Servs.,* 373 F.3d 647, 652 (5th Cir. 2004) (Title VII); *see also Cheatham v. Allstate Ins. Co.,* 465 F.3d 578, 582 n.4 (5th Cir. 2006) ("adverse employment action" is a prima facie element of an ADEA discrimination claim). "[A]dverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *McCoy v. City of Shreveport,* 492 F.3d 551, 559 (5th Cir. 2007).

**Analysis**

Plaintiff complains that he was discriminated against on the basis of race, color, and age. *See* Dkt. No. 3 at 1. When asked to expand upon his conclusory claims of discrimination under Title VII and the ADEA, Plaintiff simply states that he was "singled out" and called "old man" and "other names." *See* Dkt. No. 9 at Question 1. He reports that he was bullied, harassed, treated in a hostile manner, retaliated against, and subjected to mental anguish. *See id.* at Question 2.

However, none of these actions affect the "terms and conditions of employment" in order to support a discrimination claim under Title VII or the ADEA. *See, e.g., Breaux v. City of Garland,* 205 F.3d 150, 158 (5th Cir. 2000) (holding that criticism, oral threats, abusive remarks, and threats of termination did not rise to the level of adverse employment action).

Accordingly, Plaintiff's claims for discrimination should be summarily dismissed.

## Recommendation

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 15, 2013

                                                                    _____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE